# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERICK LISINSKI,

              Plaintiff,

v.

MICHAEL HANFELD and STEVEN MEYER,

              Defendants.

Case No. 17-CV-1257-JPS

**ORDER**

**1.    INTRODUCTION**

On October 27, 2017, Magistrate Judge David E. Jones screened Plaintiff's complaint and allowed him to proceed on a claim under the Eighth Amendment for Defendants' deliberate indifference to his suicidal thoughts and actions. (Docket #12). This action was reassigned to this branch of the Court on November 22, 2017. On January 23, 2018, Defendants moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #30). Plaintiff has not responded to the motion and the time in which to do so has expired. *See* Civ. L. R. 7(d). For the reasons explained below, Defendants' motion must be granted.

**2.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit"

under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. BACKGROUND

   3.1 Plaintiff's Failure to Dispute the Material Facts

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered November 29, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #25 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #30). He was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 3-12. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #32). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered

facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841-42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be

dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. Id. at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 Relevant Facts

The undisputed facts are drawn from Defendants' submissions unless otherwise noted. Plaintiff filed this lawsuit on September 18, 2017.

(Docket #1). His claim stems from Defendants' allegedly unconstitutional conduct on July 18, 2017. *Id.* at 2-4. On August 7, 2017 Plaintiff filed a prison grievance relating to those claims. (Docket #33-2). The next day, the ICE rejected Plaintiff's grievance as untimely; he filed it after the prescribed fourteen-day period and offered no good reasons why it should have nevertheless been accepted. *Id.* Plaintiff did not appeal the rejection or otherwise seek review of it in any way. Plaintiff filed no other grievances related to the July 18, 2017 incident, though he certainly knew how to use the inmate grievance system. He has filed nearly one hundred grievances in his three years of incarceration relating to alleged inappropriate staff conduct and property, medical, and legal mail issues.

4. **ANALYSIS**

The Court could summarily grant Defendants' motion in light of Plaintiff's failure to oppose it. Civ. L. R. 7(d).[1] Nevertheless, taking Defendants' facts as undisputed, they are correct that Plaintiff has not exhausted his administrative remedies. His grievance was untimely filed and rejected on that basis. Grievances rejected for such procedural failings do not serve to exhaust a prisoner's administrative remedies. *Pozo*, 286 F.3d at 1025 (Prisoners must "file complaints and appeals in the place, and at the time, the prison's administrative rules require[.]"). Further, Plaintiff never appealed this rejection of his grievance. Thus, even assuming he had properly initiated the grievance process, Plaintiff simply failed to take his complaint across the finish line. On the face of Defendants' submissions, this lawsuit must be dismissed for want of exhaustion.

---

[1]Plaintiff's only submission which post-dates the summary judgment motion is an incoherent letter. (Docket #35). The letter says nothing about summary judgment. *Id.*

## 5. CONCLUSION

Plaintiff failed to contest the facts Defendants proffered or oppose their motion in any fashion. Viewing the undisputed facts in the light most favorable to Plaintiff, the Court is obliged to conclude that this lawsuit must be dismissed because he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[2] Defendants' pending motion to stay will be denied as moot. (Docket #34).

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #30) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay (Docket #34) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.